UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Case No. 15 CR 389-1 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| MELVIN REYNOLDS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

On June 25, 2015, Defendant was charged with willful failure to make and file tax returns for the years 2009, 2010, 2011, and 2012 in violation of 26 U.S.C. § 7203. Wilcar LLC, Burling Builders, East Lake Management, Eileen Rhodes, LCL Higgenbottom, and ELH Partners, LLC, have filed a Motion to Quash [73] subpoenas issued by Defendant. Defendant filed two *pro se* responses in the form of an Emergency Motion to Compel Discovery [98] and a Corrected Emergency Motion to Compel Discovery [99]. For the reasons stated below, the Motion to Quash [73] is denied, and the Motions to Compel [98, 99] are granted.

### BACKGROUND

On June 25, 2015, Defendant was charged with willful failure to make and file income tax returns from 2009 to 2012, in violation of 26 U.S.C. § 7203. Defendant issued several subpoenas, seeking tax returns and cancelled checks from several individuals and companies, as well as any and all correspondence, memoranda and emails between those individuals and companies and Defendant.

### LEGAL STANDARD

Federal Rule of Criminal Procedure 17(c) allows for subpoenas for papers, documents, data, or other objects, which the court may direct be produced before trial. Fed. R. Crim. P.

17(c)(1). Under Rule 17(c), "the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." *Id.* at (c)(2).

## ANALYSIS

Rule 17(c) is not intended to serve as a broad discovery device. *United States v. Nixon*, 418 U.S. 683, 698-99; *United States v. Hardy*, 224 F.3d 752, 755 (8th Cir. 2000). The rule is meant "to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). The party seeking the documents must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

*United States v. Nixon*, 418 U.S. 683, 699-700 (1974).

The third parties argue that the requests for tax returns and communications are unreasonable and not factually relevant to the case against Defendant. The third parties further allege that the subpoenas are a fishing expedition and that they were issued with the intent to harass and intimidate. Defendant argues that the monies he received from the third parties were not income but business expense advances, which do not require a tax return. Defendant further argues that the tax records requested would show that all monies given to him were business expenses and not payments.

The records that Defendant seeks are clearly relevant. Willful failure to make and file income tax returns requires proof of an "intentional violation of a known legal duty."

2

*United States v. Birkenstock*, 823 F.2d 1026, 1028 (7th Cir. 1987) (citing *United States v. Pompanio,* 429 U.S. 10, 12 (1976)).  Inadvertent failures to file and *bona fide* misunderstandings as to a defendant's duty to make a return are justifiable excuses.  *United States v. McCorkle*, 511 F.2d 482, 486 (7th Cir. 1975).  If the tax information shows that the monies paid to Defendant were business expense advances and not income, then it is more likely that Defendant's failure to file income tax returns was not willful.  "The evidence is relevant to his actual subjective intent and his understanding of his income tax obligations to file and to pay tax on earnings from employment."  *United States v. Hauert*, 40 F.3d 197, 199 (7th Cir. 1994).

The documents requested are largely in the possession of the third parties and not otherwise procurable reasonably in advance of trial by exercise of due diligence.  Defendant would be prevented from properly preparing for trial without the production and inspection in advance of trial, and the failure to obtain such would unreasonably delay the trial.  It does not appear that the application is made in bad faith or is intended as a general 'fishing expedition.'  Additionally, the third parties do not say why the requests are unreasonable or overly burdensome.

**CONCLUSION**

The third parties' Motion to Quash [73] is denied. Defendant's Emergency Motion to Compel Discovery [98] and a Corrected Emergency Motion to Compel Discovery [99] are granted. Wilcar LLC, Burling Builders, East Lake Management, Eileen Rhodes, LCL Higgenbottom, and ELH Partners, LLC shall produce the materials subpoenaed on May 25, 2016, within thirty days of the entry of this Order.

Date: _____September 6, 2016_____  _____
JOHN W. DARRAH
United States District Court Judge