UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 15 CR 389-1 |
| v. ) | |
| ) | Judge John W. Darrah |
| MELVIN REYNOLDS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

On June 25, 2015, Defendant was charged with willful failure to make and file tax returns for the years 2009, 2010, 2011, and 2012 in violation of 26 U.S.C. § 7203. Wilcar LLC; Burling Builders; East Lake Management; Eileen Rhodes; LCL Higgenbottom; and ELH Partners, LLC have filed a Motion to Quash [73] subpoenas issued by Defendant. Defendant filed two *pro se* responses in the form of an Emergency Motion to Compel Discovery [98] and a Corrected Emergency Motion to Compel Discovery [99]. The Motion to Quash [73] was denied, and the Motions to Compel [98, 99] were granted. Third-Party Elsie Higgenbottom has filed a Motion to Reconsider [109] the ruling on the Motion to Quash. The Motion to Reconsider [109] is granted in part and denied in part.

## BACKGROUND

On June 25, 2015, Defendant was charged with willful failure to make and file income tax returns from 2009 to 2012, in violation of 26 U.S.C. § 7203. Defendant issued several subpoenas, seeking tax returns and cancelled checks from several individuals and companies, as well as any and all correspondence, memoranda and emails between those individuals and companies and Defendant.

## LEGAL STANDARD

The Federal Rules of Criminal Procedure do not authorize motions to reconsider. However, the United States Supreme Court has held that motions to reconsider may be filed in criminal cases as "ordinary elements of federal practice that exist in criminal prosecutions despite their omission from the Rules of Criminal Procedure." *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir.2010) (citing *United States v. Healy*, 376 U.S. 75, 77 (1964)). Motions to reconsider in criminal cases are treated like motions in civil cases. *Id.* "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). A manifest error "is not demonstrated by the disappointment of the losing party"; it is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation marks omitted).

## ANALYSIS

Federal Rule of Criminal Procedure 17(c) allows for subpoenas for papers, documents, data, or other objects, which the court may direct be produced before trial. Fed. R. Crim. P. 17(c)(1). Under Rule 17(c), "the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." *Id.* at (c)(2). As previously discussed, the party seeking documents pursuant to Rule 17(c) must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

*United States v. Nixon*, 418 U.S. 683, 699-700 (1974). As previously held, the documents requested are largely in the possession of the third parties and not otherwise procurable reasonably in advance of trial by exercise of due diligence. Defendant would be prevented from properly preparing for trial without the production and inspection in advance of trial, and the failure to obtain such information could unreasonably delay the trial.

In the Motion to Reconsider, Higgenbottom raises the same arguments that production of the requested communications would be overly burdensome and that the documents are already in Defendant's possession. These arguments were previously considered and rejected in the ruling on the Motion to Quash. However, Higgenbottom additionally argues that the production of "hundreds of thousands" of checks written on accounts from the corporations requested during the years requested is overly burdensome, stating "[i]t would be unreasonable for Mr. Higgenbottom to collect and duplicate every check written on every account for all aforementioned corporations." Defendant did not respond to these arguments. Therefore, the production of all cancelled checks has not been shown to be necessary and reasonable, and cancelled checks to parties other than the Defendant would not be evidentiary and relevant. In contrast, cancelled checks related to Defendant are evidentiary and relevant, and production of those cancelled checks is not unreasonable. Higgenbottom must produce all cancelled checks related to Defendant.

Higgenbottom also states that many of the subpoenaed documents have been given to Defendant already. To the extent that they have done so, those obligations pursuant to the subpoenas have been fulfilled.

## CONCLUSION

Third-Party Elsie Higgenbottom's Motion to Reconsider [109] the ruling on the Motion to Quash is granted in part and denied in part.

Date:     November 22, 2016                    /s/ *[signature]*
                                               JOHN W. DARRAH
                                               United States District Court Judge