UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Case No. 15 CR 389-1 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| MELVIN REYNOLDS, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

On June 25, 2015, Defendant was charged with willful failure to make and file tax returns for the years 2009, 2010, 2011, and 2012 in violation of 26 U.S.C. § 7203. Defendant subpoenaed tax returns, communications, and cancelled checks from Wilcar LLC, Burling Builders, East Lake Management, Eileen Rhodes, LCL Higginbottom, ELH Partners, LLC, and Eileen Rhodes. The Motion to Quash [73] was denied, and the Motions to Compel [98, 99] were granted. Third-Party Elzie Higginbottom filed a Motion to Reconsider [109] the ruling on the Motion to Quash. The Motion to Reconsider [109] was granted in that the request for cancelled checks was limited. Defendant filed a "Motion to Compel Third-Party Production on a Date Certain" [131], asking for a specific date by which Higginbottom must produce subpoenaed documents. Defendant was instructed to specify what, if any, subpoenaed documents were missing. Higginbottom was instructed to respond within two weeks from the date of the entry of this order to any assertion of missing documents and to provide a sworn statement that he has produced all relevant documents in his possession that are responsive to the subpoenas. Higginbottom's response was also a "Motion to Revisit Motion to Quash Subpoenas" [144]. A hearing was held on February 15, 2017 to determine what subpoenaed materials had been

produced. For the reasons discussed more fully below, Higginbottom's "Motion to Revisit Motion to Quash Subpoenas" [144] is denied.

## BACKGROUND

On June 25, 2015, Defendant was charged with willful failure to make and file income tax returns from 2009 to 2012, in violation of 26 U.S.C. § 7203. Defendant issued several subpoenas, seeking tax returns and cancelled checks from several individuals and companies, as well as any and all correspondence, memoranda and emails between those individuals and companies and Defendant.

## LEGAL STANDARD

The Federal Rules of Criminal Procedure do not authorize motions to reconsider. However, the United States Supreme Court has held that motions to reconsider may be filed in criminal cases as "ordinary elements of federal practice that exist in criminal prosecutions despite their omission from the Rules of Criminal Procedure." *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir.2010) (citing *United States v. Healy*, 376 U.S. 75, 77 (1964)). Motions to reconsider in criminal cases are treated like motions in civil cases. *Id.* "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). A manifest error "is not demonstrated by the disappointment of the losing party"; it is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation marks omitted).

## ANALYSIS

Federal Rule of Criminal Procedure 17(c) allows for subpoenas for papers, documents, data, or other objects, which the court may direct be produced before trial. Fed. R. Crim. P. 17(c)(1). Under Rule 17(c), "the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." *Id.* at (c)(2). As previously discussed, the party seeking documents pursuant to Rule 17(c) must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

*United States v. Nixon*, 418 U.S. 683, 699-700 (1974). As previously held, the documents requested are largely in the possession of the third parties and not otherwise procurable reasonably in advance of trial by exercise of due diligence. Defendant would be prevented from properly preparing for trial without the production and inspection in advance of trial, and the failure to obtain such would unreasonably delay the trial.

Higginbottom claims that all materials relevant to Defendant have been produced to the Government. (Dkt. 144, p. 5.) At the February 15, 2017 hearing, the Government stated that it had received certain materials from Higginbottom or other entities regarding Sub Sahara LLC, Burling Builders, and ELH Partners. The Government also produced two reports listing tax-related and other financial records the Government gave to Defendant related to Higginbottom and his businesses. The reports state that the Government produced documents relating to ELH Partners, LLC, East Lake Management, Burling Builders, Sub Sahara LLC, and Wilcar LLC. At

the hearing, Defendant argued that checks from the subpoenaed entities were presented to the grand jury.

Willful failure to make and file income tax returns requires proof of an "intentional violation of a known legal duty." *United States v. Birkenstock*, 823 F.2d 1026, 1028 (7th Cir. 1987) (citing *United States v. Pompanio*, 429 U.S. 10, 12 (1976)). Inadvertent failures to file and *bona fide* misunderstandings as to a defendant's duty to make a return are justifiable excuses. *United States v. McCorkle*, 511 F.2d 482, 486 (7th Cir. 1975). If the requested material shows monies paid to Defendant were business expense advances and not income, then it is more likely that Defendant's failure to file income tax returns was not willful. "The evidence is relevant to his actual subjective intent and his understanding of his income tax obligations to file and to pay tax on earnings from employment." *United States v. Hauert*, 40 F.3d 197, 199 (7th Cir. 1994). As previously held, the requested materials are relevant.

Higginbottom also argues that the tax returns are private and personal tax documents. (Dkt. 144, pps. 5-6.) Defendant requested tax documents from various companies related to Higginbottom. By statute, "[i]n ruling upon the admissibility of returns or return information, . . . the court shall give due consideration to congressional policy favoring the confidentiality of returns and return information as set forth in this title." 26 U.S.C. § 6103 (i)(4)(D). However, "the statute does not block access, through pretrial discovery or otherwise, to copies of tax returns in the possession of litigants." *Commodity Futures Trading Comm'n v. Collins*, 997 F.2d 1230, 1233 (7th Cir. 1993) (citing *St. Regis Paper Co. v. United States*, 368 U.S. 208, 218-19 (1961); *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 74-75 (7th Cir. 1992)). Tax returns in the hands of the government are confidential but "copies in the hands of the taxpayer

4

are held subject to discovery." *St. Regis Paper Co.*, 368 U.S. at 218-19. Other courts have held that there is no individual tax-return privilege and ordered turnover of third-party tax returns in a criminal case. *See United States v. Rajaratnam*, 753 F. Supp. 2d 317, 325 (S.D.N.Y. 2011) (" . . . there is no basis to conclude that [the third party's] tax returns are privileged under either the federal law of privilege or state law. Since those returns meet the requirements of the *Nixon* test, the returns have been properly subpoenaed.") Because the returns are requested from a taxpayer, and the returns meet the requirement of the *Nixon* test, the subpoenas are valid.

## CONCLUSION

Third-party Higginbottom's "Motion to Revisit Motion to Quash Subpoenas" [144] is denied. To the extent that any documents responsive to the subpoenas are in their possession, those documents shall be produced to Defendant by March 20, 2017.

Date:    February 21, 2017                                   
JOHN W. DARRAH
United States District Court Judge